# IN THE SUPREME COURT OF IOWA

No. 09–0654

Filed July 29, 2011

**KRUPP PLACE 1 CO-OP, INC.** and
**KRUPP PLACE 2 CO-OP, INC.,**

    Appellees,

vs.

**BOARD OF REVIEW OF**
**JASPER COUNTY, IOWA,**

    Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Jasper County, Dale B. Hagen, Judge.

The Board of Review of Jasper County, Iowa, seeks further review of the court of appeals decision affirming the judgment of the district court that two residential cooperatives be classified as residential property for property tax purposes. **DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

Michael K. Jacobsen, County Attorney, and James W. Cleverley, Jr., Assistant County Attorney, for appellant.

James E. Nervig of Brick, Gentry, Bowers, Swartz & Levis, P.C., West Des Moines, and Craig R. Hastings of Hastings, Gartin & Boettger, LLP, Ames, for appellee.

Eleanor M. Dilkes, City Attorney, and Eric R. Goers, Assistant City Attorney, for amicus curiae City of Iowa City, and Terrence L. Timmins, General Counsel, for amicus curiae Iowa League of Cities.

**ZAGER, Justice.**

In this case, we are presented with an appeal of the district court's decision to classify two multiunit apartment buildings as "residential cooperatives" entitling the properties to be taxed at residential, rather than commercial, property tax rates. The Board of Review of Jasper County appeals, contending the two properties are cooperatives in form only and should be classified as commercial property for purposes of property taxation. The court of appeals affirmed the district court, and we granted further review. We now affirm the decision of the district court and the court of appeals.

## I. Background Facts and Proceedings.

This case involves the proper classification of two parcels of real estate for property tax purposes. Krupp Place 1 Co-op, Inc. and Krupp Place 2 Co-op, Inc. are both corporations organized as multiple housing cooperatives under Iowa Code chapter 499A (2007), and each corporation has filed its articles of incorporation with the Iowa Secretary of State. Each cooperative subsequently obtained title to real estate designated as Krupp Place 1 and Krupp Place 2. Both Krupp Place 1 and Krupp Place 2 are improved with a building containing twenty-four apartment units.

Larry and Connie Krupp are the only members of the cooperatives. Pursuant to Iowa Code section 499A.11, certificates of membership have been issued to Larry and Connie Krupp in each of the cooperatives certifying their membership interests. These certificates entitle Larry and Connie Krupp to two property rights: (1) an undivided fifty percent interest in each of the cooperative housing corporations which carries with it the right to participate in the management of the corporation, and

(2) a proprietary leasehold interest in one-half of the apartments in Krupp Place 1 and Krupp Place 2.

As members of the cooperatives, Larry and Connie Krupp have entered into proprietary leases with the cooperatives requiring them to pay rent. Neither of the Krupps have ever resided in the cooperative properties. Instead, they have subleased the apartments to subtenants who use the properties for residential purposes. The Krupps use the net rental income from subtenants to pay the rent they owe to the cooperatives under the proprietary leases. The cooperatives in turn use the rent paid by the Krupps to meet cooperative expenses. Any net income left after payment of expenses is retained by the cooperatives as they are prohibited by Iowa Code section 499A.4 from distributing net income to its members. Additionally, both Larry and Connie Krupp pay their proportionate fifty percent shares of all taxes on the subject real estate consistent with their respective fifty percent membership interests.

Neither of the cooperatives operate under a tax exempt status pursuant to section 501(c)(3) of the Internal Revenue Code. Nor is either cooperative a for-profit corporation under Iowa Code chapter 504. Each is a specialized corporation created under Iowa Code chapter 499A. The accountant for the cooperative corporations has made a subchapter S election for each corporation under the Internal Revenue Code. As a result of this election, Larry and Connie Krupp must report any net income from these cooperatives on their individual income tax returns even though it is not, and cannot by statute, be distributed to them.

On March 18, 2008, the Jasper County Assessor mailed Larry and Connie Krupp a notice of the 2008 Real Estate Assessment Roll for Jasper County wherein the cooperative real estate was classified as commercial real estate for property tax purposes. The cooperatives

appealed the classification of their real estate as commercial and the corresponding assessments to the Board of Review of Jasper County. The board adjusted the assessed value of the properties but did not alter its classification of the properties as commercial. The cooperatives appealed the board's decision to the district court.

During the course of the appeal, the parties entered into a stipulation of facts, after which time the cooperatives filed for summary judgment on the issue of classification of the real estate. Originally, the district court issued its decision affirming the classification of the real estate as commercial. The district court recognized that under Iowa Code section 441.21(11), "all land and buildings of multiple housing cooperatives organized under chapter 499A" are to be classified as residential property for tax purposes. The district court, however, concluded the Krupps had not complied with "the spirit of the law." Although the district court found that the real estate fell within the definition of a multiple housing cooperative under chapter 499A, it stated that like any corporation, the corporate entity may be disregarded and the corporate veil pierced if the entity is a sham or if corporate formalities are not followed. The court noted that there was no evidence in the record that corporate meetings had been held or the existence of any bylaws.

While the district court recognized that members of a housing cooperative have the power to sublease their units under Iowa Code section 499A.5, the district court concluded that the manner in which Connie and Larry Krupp have "subleased" the premises "reeks of impropriety." The district court was concerned the Krupps each received one membership unit representing a one-half ownership in each building, and then in effect subdivided their units and subleased them.

The district court was also concerned the record did not establish how much the Krupps paid to the cooperatives under the proprietary leases. As a result, the district court did not know the difference between the amounts paid by the Krupps to the cooperatives and the amount the Krupps received from their subtenants. The district court was therefore concerned the Krupps may have been making a profit as a result of the arrangement, something cooperatives are not authorized to do under Iowa Code section 499.1. The district court concluded that the facts revealed "two people, seeking to minimize their tax liability, forming a shell multiple housing cooperative under chapter 499A while actually operating a standard rental property." The district court affirmed the board's determination the real estate held by the cooperatives should be taxed as commercial property.

The cooperatives filed a combined motion under Iowa Rules of Civil Procedure 1.904 and 1.1004 for amendment and enlargement of findings and for a new trial. At the time of the filing of the combined motions, the cooperatives provided substantial additional documentation to the district court, including the 2008 income tax returns for the cooperatives and various corporate documents.

In light of the joint motion and additional filings, the cooperatives argued the district court had made additional findings of fact that were beyond the parties' stipulation that "[a]ll of the material facts in this case are undisputed." The cooperatives pointed out that there was no evidence regarding compliance with corporate formalities because the issue was not in dispute. As a result, the cooperatives argued the court's previous piercing of the corporate veil was erroneous. The cooperatives further reiterated that because all of the statutory prerequisites of Iowa Code chapter 441 were met, the court had no choice but to follow the

legislative directive that residential cooperative property be classified as residential for property tax purposes. While the cooperatives recognized the court was concerned with compliance with the spirit of the law, they noted that the district court's ruling ran contrary to the fundamental principle that a taxpayer has a legal right to arrange his affairs in such a manner as to minimize taxation.

After its receipt of numerous evidentiary documents, and after further hearing, the district court granted the rule 1.904 motion for reconsideration, correction, amendment and enlargement of findings and conclusions filed on behalf of the cooperatives. In light of the new evidence, the district court concluded the cooperatives had followed all proper corporate formalities, and the multiple housing cooperatives were set up exactly as prescribed by Iowa law. Accordingly, the district court reversed its prior ruling and concluded the cooperative real estate should properly be classified as residential pursuant to Iowa Code section 441.21(11).

The board appealed. Our court of appeals affirmed the district court. We granted further review. We now affirm the court of appeals and district court in all respects.

## II. Standard of Review.

Appeals from tax assessments are triable in equity. Iowa Code § 441.39. Therefore, the court's review is de novo. Iowa R. App. P. 6.907. In this case the parties have stipulated to the underlying facts. A stipulation of facts is binding on the parties. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. Gailey*, 790 N.W.2d 801, 803 (Iowa 2010).

> We construe factual stipulations by attempting to determine and give effect to the parties' intentions. In doing so, we interpret the stipulation "with reference to its subject matter and in light of the surrounding circumstances and the whole

record, including the state of the pleadings and issues involved."

*Id.* at 803–04 (quoting *Graen's Mens Wear, Inc. v. Stille-Pierce Agency*, 329 N.W.2d 295, 300 (Iowa 1983)).[1] We review the interpretation of a statute for correction of errors at law. *Braunschweig v. Fahrenkrog*, 773 N.W.2d 888, 890 (Iowa 2009).

**III. Discussion**.

**A. Background to Residential Cooperatives.** Residential cooperatives were created by statute in the Multiple Housing Act, Iowa Code chapter 499A. This chapter generally allows two or more adult persons to organize themselves into residential cooperatives. The determination of whether an entity is a residential cooperative is important because of the favorable tax treatment available for property held by residential cooperatives. Ordinarily, multiunit apartment buildings are classified as commercial ventures, with owners subject to property tax at commercial rates.

We considered whether to classify a residential cooperative as residential or commercial for property tax purposes in *City of Newton v. Board of Review for Jasper County*, 532 N.W.2d 771 (Iowa 1995). In *City of Newton*, Wesley Retirement Services (WRS) owned a multistory building with sixty-three living units. *Id.* at 772. WRS in turn leased the building to Park Centre Apartments, a cooperative organized under chapter 499A. *Id.* The residents paid WRS a sum for an "estate in the nature of an estate for life." *Id.* Each resident further paid a monthly fee

---

[1]The court in *City of Newton v. Board of Review for Jasper County*, relying on the stipulation of facts, determined its scope of review was limited to correction of errors at law. 532 N.W.2d 771, 772 (Iowa 1995). However, we are not bound to these stipulations of fact and rely on these stipulations only to assist us in determining the facts in issue. The scope of review in *City of Newton* is incorrect as to our review of stipulation of facts and is therefore overruled.

to WRS depending upon the size of the unit and the number of occupants. *Id.* at 773.

We relied upon a prior version of Iowa Code section 499A.14 to conclude the residential cooperative should be classified as commercial. At the time, section 499A.14 provided:

> The real estate shall be taxed in the name of the co-operation, and each person *owning* an apartment or room shall pay that person's proportionate share of such tax, and each person *owning* an apartment as a residence under the qualifications of the laws of the state of Iowa as such shall receive that person's homestead tax credit . . . .

Iowa Code § 499A.14 (1991) (emphasis added). We reasoned "the fact that the 'members' of the cooperative have no rights to ownership or management of the enterprise clearly defeats the purposes underlying section 499A.14's residential tax property tax benefit." *City of Newton,* 532 N.W.2d at 774.

A few weeks prior to the *City of Newton* decision, the legislature amended Iowa Code section 441.21 to clarify how to classify residential cooperatives under chapter 499A. 1995 Iowa Acts ch. 157, § 1 (currently codified at Iowa Code § 441.21(11)). The new subsection provided: "Beginning with valuations established on or after January 1, 1995, as used in this section, "*residential property*" includes all land and buildings of multiple housing cooperatives organized under chapter 499A . . . ." *Id.* The Iowa Department of Revenue promulgated an administrative rule conforming to the 1995 amendment. The administrative rule stated that "regardless of the number of separate living quarters, multiple housing cooperatives organized under Iowa Code chapter 499A . . . shall be considered residential real estate." Iowa Admin. Code r. 701—71.1(4).

**B. Analysis.** On appeal, the board concedes the cooperatives are properly organized under chapter 499A. The board, however, urges the

court to look beyond the mere act of filing papers of incorporation and look to the actual operation of the property in classifying the property for tax purposes. According to the board, the court should utilize the "actual use" test to inquire if the property's operation is solely to circumvent current tax classifications and to avail themselves of reduced tax assessments. The board argues the purpose of chapter 499A is to band together occupants to own, manage, and operate the structure for residential purposes, not for the commercial purpose of leasing out property to subtenants.

The board, in advancing its "actual use" argument, relies on *Carroll Area Child Care Center, Inc. v. Carroll County Board* of *Review*, 613 N.W.2d 252 (Iowa 2000). In *Carroll*, the question was whether a child care facility was entitled to favorable tax treatment under a tax provision which exempted grounds and buildings used for "charitable" institutions " 'solely for their appropriate objects.' " *Id.* at 254 (quoting Iowa Code section 427.1(8) (1997)). We held entitlement to the tax exemption depends on meeting a three-part test: (1) the entity was a charitable institution, (2) the entity did not operate the facility to make pecuniary profit, and (3) the actual use was solely for the appropriate objects of the charitable institution. *Id.* at 254–55. The board argues we should similarly apply an "actual use" test to classify property under section 441.21(11).

The cooperatives respond that under section 441.21(11), the term "residential property" includes "all land and building of multiple housing cooperatives organized under chapter 499A." The cooperatives in essence argue the test for favorable tax treatment is not an "actual use" test, but is instead an organizational test. They assert they are entitled

to be treated as residential property as a matter of law because there is no dispute the cooperatives were organized under chapter 499A.

In determining whether an "actual use" test such as that utilized in *Carroll* is appropriate, we begin our analysis by examining the underlying statutes. In *Carroll*, the statutory provision provided an exemption from property tax for: "*Property of religious, literary and charitable societies. All grounds and buildings used . . . by . . . charitable . . . institutions and societies solely for their appropriate objects . . . and not leased or otherwise used . . . with a view to pecuniary profit.*" *Id.* at 254 (quoting Iowa Code § 427.1(8) (1997)).

Plainly, under this statutory provision, an entity seeking the exemption would have the burden of proving two questions of fact: (1) the entity was "charitable", and (2) the property in question was used "solely for their appropriate objects" and "not leased or otherwise used . . . with a view to pecuniary profit." In short, section 427.1(8) requires an entity seeking the exemption to meet an "actual use" test.

Iowa Code section 441.21(11) (2007), however, provides in relevant part: "Beginning with the valuations established on or after January 1, 1995, as used in this section, "*residential property*" includes all land and buildings of multiple housing cooperatives organized under chapter 499A . . . ."

The only fact finding required under section 441.21(11) is whether the property is owned by an entity organized under chapter 499A. While section 427.1(8) imposes an "actual use" test, the plain language of section 441.21(11) and chapter 499A imposes only an "organizational test," with no reference to the property's actual use. *See Rock v. Warhank*, 757 N.W.2d 670, 673 (Iowa 2008) ("When the language of a statute is plain and its meaning clear, the rules of statutory construction

do not permit us to search for meaning beyond the statute's express terms."). As a result, we agree with the cooperatives that the legislature did not create an "actual use" test in section 441.21(11).[2]

Nothing in *City of Newton* is inconsistent with our holding here. Two circumstances distinguish *City of Newton* from the present case. First, the members here (the Krupps), have an ownership interest, but not current residency. Under the previous version of Iowa Code section 499A.14, it was plausible residency was required for an owner to classify the property as residential. *See* Iowa Code § 499A.14 (1991). Since *City of Newton,* however, section 499A.14 has been amended. *See* 1991 Iowa Acts ch. 30, § 6. Nothing in the current provision expressly or impliedly requires member residency for the cooperative to be entitled to residential tax treatment; the statute now simply states, "The real estate shall be taxed in the name of the cooperative" and each member shall pay the member's proportionate share of the tax in accordance with the bylaws. *Id.* § 499A.14. The statute still requires actual residency for a taxpayer to qualify for a homestead exemption. But the homestead exemption has nothing to do with the general rule that residential cooperative property is classified and taxed as residential property.

Second, while *City of Newton* was pending, the legislature amended section 441.21(11) to plainly state residential cooperative property is entitled to be taxed at residential property tax rates. By enacting the amendment with an organizational test, the legislature avoided a fact intensive "actual use" test that might have been implied in *City of*

---

[2]Some commentators have recently called for the codification of the economic substance doctrine, a judicially created test to identify abusive tax transactions. *See, e.g.*, Zachary Nahass, Note, *Codifying the Economic Substance Doctrine: A Proposal on the Doorsteps of Usefulness*, 58 Admin. L. Rev. 247, 266 (2006). We decline to apply an economic substance test in light of the legislative history.

*Newton.* We think the timing of the amendment reinforces our linguistic view that section 441.21(11), as amended, does not contemplate an "actual use" test.

We therefore conclude section 441.21(11) requires property owned by residential cooperatives, properly organized under chapter 499A, to be classified as residential and taxed at residential property rates.

**C. Piercing the Corporate Veil.** The board also suggests the court may pierce the corporate veil if the corporation is operated as a mere sham. According to the board, the corporate form may be ignored where " 'the corporate cloak is utilized as a subterfuge to defeat public convenience, to justify wrong, or to perpetuate fraud.' " *Fazio v. Brotman*, 371 N.W.2d 842, 847 (Iowa Ct. App. 1985) (quoting 18 C.J.S. *Corporations* § 6 (1939)). The board asserts the Krupps treated the cooperatives as rental property. They argue the scheme in fact amounts to a pecuniary venture and, as a result, the corporate veil established by the filing of papers under chapter 499A should be pierced.

The cooperatives assert the doctrine of piercing the corporate veil is a limited one that is employed only on behalf of creditors to reach the personal assets of shareholders of corporations. In any event, the cooperatives point out that the burden of piercing the corporate veil rests with the moving party, and there is no evidence in the record that the cooperatives are making any profit in this case.

We agree with the cooperatives. Even assuming the doctrine has application here, which is questionable, the board has failed to show the cooperatives were operating for profit. Even if the rent generated by the Krupps' subleases exceed the amount the Krupps must pay to the cooperatives under their lease, this alone would not provide a basis for penetrating a corporate veil. Under chapter 499A, it is the cooperatives

that must operate on a nonprofit basis. Nothing in the chapter prohibits a member from leasing out a unit or units with desirable economic terms.

**IV. Conclusion.**

The judgment of the district court and the decision of the court of appeals holding that the real estate owned by the cooperatives should be classified as residential property for property tax purposes is affirmed.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

All justices concur except Mansfield, J., who takes no part.