CADY, Chief Justice.
In this interlocutory review, we ultimately must decide whether a county board of review had authority to consider a taxpayer protest that failed to specify a ground for the protest due to an inadvertent clerical error. The Davis County Board of Review (Board) determined it had no jurisdiction to consider the protest or to consider a request to amend the protest to articulate the ground. The district court reversed the decision, and the Board appealed. We transferred the case to the court of appeals, which reversed the decision of the district court. On further review, we reverse the decision of the court of appeals, affirm the decision of the district court, and remand the case to the district court for further proceedings.
I. Background Facts and Proceedings.
Attorney Steven Gardner represented MC Holdings, L.L.C., which owned real estate in Davis County. Gardner also represented Keo Rental, L.L.C., which owned real estate in' Van Burén County. Both clients desired to protest the property-tax assessment made by the county assessor.
Gardner prepared a written and signed petition of protest for MC Holdings. He described the Davis County property and stated the grounds for the.protest. He also prepared a brief, separate cover letter, which identified MC Holdings as the protester and identified the Davis County property by parcel number.- The cover letter otherwise only referred to the enclosed written petition.
Gardner ■ also prepared a written and signed petition of protest for Keo Rental. He described the Van Burén County property and stated the grounds for the protest. He also prepared a brief, separate cover letter, which identified Keo Rental as the protester and identified the Van Burén County property by parcel number. The letter otherwise only referred to the enclosed written petition.
Gardner sent the protests to the respective county boards of review by mail on May 5, 2009. This date was the deadline for taxpayers to file tax protests in Iowa for 2009. However, he inadvertently switched the two petitions and included the Van Burén County petition with the Davis County cover letter. Likewise, he included the Davis County petition with the Van Burén County cover letter. Consequently, the Davis County Board of Review re *328 ceived a cover letter for the Davis County property, along with the written Van Bu-rén County petition. Likewise, the Van Burén County Board of Review received the cover letter for the Van Burén County property, along with the written Davis County petition.
The Davis County Board of Review denied the protest as “improperly filed.” It determined it was without jurisdiction to act on the request. It found MC Holdings did not file a timely protest because the documents it received failed to identify a ground for protesting the assessment of the property. Similarly, the Van Burén County Board of Review denied the protest for the same reason. The essence of both decisions by the boards was that no ground for protest was identified for property located in their county.
On May 22, 2009, Gardner filed a written application to the respective boards of review for reconsideration. He explained and corrected the inadvertent mistake. He also asked the boards to consider the protests to be timely filed and to act on the corrected petitions. Both boards of review denied the applications.
MC Holdings and Keo Rental filed appeals to the district court, and the two cases were consolidated for purposes of the hearings. The district court denied summary judgment requested by the boards. It found the cover letters constituted substantial compliance with the statutory requirements for a protest, and the boards had jurisdiction to act on the protests.
The boards of review appealed.[1] They claimed they were without jurisdiction to act on the protests. The protesters, however, claimed they substantially complied with the statutory requirements, and the boards had jurisdiction to act on the protests. They also claimed the boards abused their discretion to allow the clerical error to be corrected so that the appeals could go forward.
The court of appeals reversed the decision of the district court in separate opinions. It found the cover letters did not constitute substantial compliance with the statutory requirements for a taxpayer protest and that the boards were without jurisdiction to act on the protest. It also found the law provided no avenue for the boards to overlook the defective protests. We granted the separate applications for further review by MC Holdings and Keo Rental.
II. Standard of Review.
We review property-tax assessments de novo. Krupp Place 1 Co-op, Inc. v. Bd. of Review, 801 N.W.2d 9, 13 (Iowa 2011). However, the Board in this case decided it had no jurisdiction to act on the protest. It did not decide the merits of the protest. Thus, our review is for errors at law. See Iowa R.App. P. 6.907. We must decide if the Board properly determined it had no jurisdiction to act in the case.
III. Analysis.
Our legal processes normally strive to resolve disputes on their merits. Cf *329 Krueger v. Lynch, 242 Iowa 772, 779, 48 N.W.2d 266, 270 (1951) (“The Rules are to be liberally construed for the purpose of promoting the speedy determination of litigation upon its merits_”). Simply put, it is our preferred way. As a result, mistakes and inadvertence ordinarily do not become roadblocks to this goal. A party is usually permitted to correct mistakes when prejudice does not result. Cf. Patten v. City of Waterloo, 260 N.W.2d 840, 841 (Iowa 1977) (“[T]echnical mistakes will not preclude an injured plaintiff from recovery, except where the correction of such mistakes would materially prejudice the rights of a defendant.”). For example, our rules of civil procedure permit default judgments to be set aside for mistakes and inadvertence. Iowa R. Civ. P. 1.977. Our law even prevents the statute of limitations from barring a hearing on the merits following certain dismissals based on technical, procedural, or jurisdictional defects. See Furnald v. Hughes, 804 N.W.2d 273, 276 (Iowa 2011) (stating the purpose of a savings clause “is to prevent minor or technical mistakes from precluding a plaintiff from obtaining his day in court”). Moreover, amendments to pleadings are freely permitted when prejudice does not result. See Iowa R. Civ. P. 1.402; M-Z Enters., Inc. v. Hawkeye-Sec. Ins. Co., 318 N.W.2d 408, 411 (Iowa 1982) (discussing the policy of the relation-back doctrine of permitting even substantial amendments when the new claim arose from the same conduct as the original claim, the defendant had notice of the claim within the limitations period, and the defendant will not be prejudiced).
In this case, the Board determined it had no jurisdiction to act on the protest to allow the mistake to be corrected so the protest could be decided on its merits. It is axiomatic that no court or administrative agency can take action without jurisdiction. See In re Melodie L., 591 N.W.2d 4, 7 (Iowa 1999). Yet, we recognize a distinction between subject matter jurisdiction and authority to act. See Anderson v. W. Hodgeman & Sons, Inc., 524 N.W.2d 418, 421 n. 2 (Iowa 1994). Subject matter jurisdiction refers to the “power to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the attention of the court.” Wederath v. Brant, 287 N.W.2d 591, 594 (Iowa 1980). Thus, the subject matter jurisdiction of an administrative agency is authority conferred by statute. See Zomer v. W. River Farms, Inc., 666 N.W.2d 130, 132-33 (Iowa 2003). By contrast, jurisdiction of a particular case refers to the authority to hear that particular case. Alliant Energy-Interstate Power & Light Co. v. Duckett, 732 N.W.2d 869, 874 (Iowa 2007) (indicating a court may lack authority to hear a case when a party fails to follow the statutory procedure for invoking its authority).
Our legislature has given a county board of review jurisdiction to consider and decide tax protests. See Iowa Code § 441.37 (2009) (authorizing the board of review to consider any protest and make a final disposition of the protest); see also id. § 441.33 (authorizing the board to “hold as many meetings as are necessary to discharge its duties”). Nevertheless, a board may lack authority to hear a particular case when a protester fails to comply with the statutory requirements. See Duckett, 732 N.W.2d at 875-76. A protest must substantially comply with statutory requirements to authorize the board to grant relief. See Strickland v. Iowa Bd. of Med., 764 N.W.2d 559, 562-63 (Iowa Ct.App.2009) (indicating jurisdiction over a case is not acquired when a petition for judicial review is untimely); Metro. Jacobson Dev. Venture v. Bd. of Review, 476 *330 N.W.2d 726, 729-30 (Iowa Ct.App.1991). Three statutory requirements are identified for a protest. Iowa Code § 441.37(1). Protests must be written, signed by the protester or protester’s agent, and confined to one or more of five specified grounds to protest an assessment. Id.
In this case, MC Holdings did timely file a letter with the Board. This letter constituted a protest, albeit one that failed to substantially comply with the third requirement of a protest due to an inadvertent clerical error. The cover letter identified the parcel number of the property located in the county, indicated the purpose of the letter was to proceed with a protest, and was signed. Thus, this case is not one in which a protester missed a filing deadline, ignored the filing deadline, or filed a late protest. This case is also not one about excusing taxpayers from the requirement to timely file protests. Instead, it is a case about the jurisdiction and authority of a board of review to exercise discretion to carry out justice by allowing a taxpayer to amend a timely filed protest to correct an inadvertent error in communicating the specific grounds for the protest. The Board believed it had no jurisdiction to allow MC Holdings to correct its inadvertent error and denied any relief. This conclusion was incorrect.
Taxpayer protests are within the class of cases a board of review is authorized to adjudicate under section 441.37. A board is authorized to act on these protests between May 1 and May 31 of each year, unless extended by section 441.37. Id. § 441.33. It is required to meet during this period of time as much as needed to. discharge its duties. Id. Thus, the Board had jurisdiction over the timely filed protest by MC Holdings. However, a board would have no authority to act on the protest by granting relief when the protester failed to identify a ground for relief required by section 441.37. The reason a board has no such authority under this circumstance is that there is nothing for the board to act upon without knowledge of the grounds for the protest. Yet, this limitation on the authority to grant relief must not be confused with authority to address procedural matters that accompany the process. An administrative agency not only has the authority over cases conferred by statute, it has authority necessarily inferred from the power conferred by the statute. Zomer, 666 N.W.2d at 132. Normally, power granted by an administrative agency to decide claims includes authority to permit deficiencies in the pleadings pertaining to the claims to be cured. See Hoenig v. Mason & Hanger, Inc., 162 N.W.2d 188, 192 (Iowa 1968); cf. State v. Mandicino, 509 N.W.2d 481, 483 (Iowa 1993) (“[WJhere subject matter jurisdiction exists, an impediment to a court’s authority can be obviated by consent, waiver or estoppel.”).
In this case, the protester filed a request to correct its petition with the Board within the period of time it was authorized to be in session to discharge its duties. Just as with the protest itself, this request to amend was timely. It was properly before the Board for its consideration.[2]
*331 Accordingly, while the Board in this case was not authorized to affirmatively- act on the delinquent protest, it was authorized to consider the application filed by the protester to amend the protest due to the inadvertent mistake in switching the protests. The Board erred in finding it had no jurisdiction to act to allow the protester to cure the deficiency. Consequently, the Board had discretion to consider the application for reconsideration and abused its discretion by failing to exercise it. See Lawson v. Kurtzhals, 792 N.W.2d 251, 257 (Iowa 2010) (‘“A court abuses its discretion when it fails to exercise any discretion.’ ” (quoting State v. Hager, 630 N.W.2d 828, 836 (Iowa 2001))).
We vacate the decision of the court of appeals. The Board was not entitled to summary judgment because it had jurisdiction to consider the motion for reconsideration filed by MC Holdings. The only motion before the district court was the Board’s motion for summary adjudication. The district court correctly denied summary judgment, and no further relief was requested or granted. Therefore, we remand the case to the district court for further proceedings.
IV. Conclusion.
We vacate the decision of the court of appeals and affirm the decision of the district court. We remand the case to the district court for further proceedings.
COURT OF APPEALS DECISION VACATED; DISTRICT COURT JUDGMENT AFFIRMED; AND CASE REMANDED.
All justices concur except WATERMAN, MANSFIELD, and ZAGER, JJ., who dissent.

. We recognize tíre denial of a motion for summary judgment is not an appealable final judgment. See River Excursions, Inc. v. City of Davenport, 359 N.W.2d 475, 477 (Iowa 1984); see also Iowa R.App. P. 6.103. However, no party raised the issue on appeal. Nevertheless, we treat the appeal as an interlocutory review. In re Marriage of Denly, 590 N.W.2d 48, 52 (Iowa 1999) (treating appeal from temporary order as application for interlocutory appeal); see also Iowa R.App. P. 6.108 (indicating the court may treat appeal as interlocutory appeal). This is not done as a matter of course, but only under the unique circumstances of this case and the need to decide an important issue facing boards of review.

. An amendment to a protest would not conflict with the relation-back doctrine. Consistent with our strong policy of deciding cases on the merits instead of on procedural errors, amendments to pleadings normally relate back to the date the pleading was filed as long as the original pleading provided adequate notice of the claim so as to satisfy the countervailing objective to protect persons from having to defend stale claims. See M-Z Enters., Inc., 318 N.W.2d at 411. Here, the Board was given timely notice of a protest, and the amendment to clarify the grounds for the protest was sought during a time period *331 that would have enabled the Board to act. This situation does not implicate the difficulty ‘ of defending stale claims or any other concern addressed in the doctrine.