WATERMAN, Justice
(dissenting).
I respectfully dissent. The majority acknowledges that the Allens’ appeal of their 2011 property tax assessment was untimely. The Allens’ submission to the Board of Review challenged only their 2011 valuation ($308,750) of their home in West Des Moines. Their petition did not challenge or even mention their 2012 valuation ($316,310). The Board correctly denied their protest as untimely, and the district court correctly granted the Board’s motion for summary judgment dismissing their appeal. I would affirm the district court and the Board. The Board had no obligation to allow the Allens to orally amend their protest at the hearing to challenge the assessed valuation for a different year. Our court should not second-guess the Board’s decision.
Today’s decision further undermines the Board’s authority, compounding damage done in the majority’s erroneous decision last year in MC Holdings, L.L.C. v. Davis County Board of Review, 830 N.W.2d 325 (Iowa 2013). I dissent today for the same reasons I dissented last year. See id. at *99 331-35 (Waterman, J., dissenting). But, today’s opinion is more egregious because of the additional problems and confusion it creates.
The Board’s application for further review describes the practical problems and unfairness that result from today’s decision:
This ruling ... basically eliminates any requirement that the taxpayer put the board on notice as to the nature and substance of their protest, instead shifting the responsibility for determining what grounds are being asserted to the Board, who must now make this determination based upon oral statements from the taxpayer at their hearing. This ruling eliminates the statutory requirement that the taxpayer set forth the grounds for protest in writing....
The ... ruling creates significant confusion in an ‘interim’ or non-assessment year, when the only claim available is a claim that the property has suffered a downward change in value. See Iowa Code § 441.35. Under the current ruling, a taxpayer in an interim year need only make an oral allegation that its property was over assessed, and now that claim is available in a year when it was previously unavailable. Unless this Court wishes to double the amount of property tax cases it hears (a result of the every-other-year assessment system), this case cannot stand.
In addition, the ... ruling puts a standard on the Boards of Review that is not placed on any other tribunal in Iowa, to determine the grounds asserted by the litigant based upon their oral argument. This is patently unfair, and would be akin to this Court having to hear arguments on issues raised in the Court of Appeals oral argument, even though the litigants did not raise the issue in their briefs.
The Board of Review hears hundreds of protests in any given session, and is required by statute to be comprised of lay people from the community. Iowa Code § 441.31(1) (“[TJhis board shall include one licensed real estate broker and one registered architect or person experienced in the building and construction field. In the case of a county, at least one member of the board shall be a farmer[.J”). To place the responsibility for gleaning the nature [of] Taxpayer’s claims based upon evidence presented in an oral argument to a group of lay people, rather than on the party bringing the claim is absurd.
Moreover, the Allens’ conduct crosses the line drawn by MC Holdings. MC Holdings involved a lawyer who prepared two proper petitions to be filed in different counties and inadvertently switched the documentation. 830 N.W.2d at 327-28. Each petition properly alleged the correct year and grounds for the protest. Id. at 327. A cover letter referencing the taxpayer and property was filed by the deadline in the right county, but with the wrong petition attached. Id. at 327-28. The MC Holdings majority relaxed the rules to allow a written amendment to the petition to relate back, based on this characterization of the procedural posture of that case:
[TJhis case is not one in which a protester missed a filing deadline, ignored the filing deadline, or filed a late protest. This case is also not one about excusing taxpayers from the requirement to timely file protests. Instead, it is a case about the jurisdiction and authority of a board of review to exercise discretion to carry out justice by allowing a taxpayer to amend a timely filed protest to correct an inadvertent error *100 in communicating the specific grounds for the protest.
Id. at 330 (emphasis added).
The Allens’ case is exactly what the MC Holdings opinion said that case was not. The Allens “missed a filing deadline” and “filed a late protest.” They never prepared a petition to challenge their 2012 valuation. They only appealed the 2011 valuation (a year too late). Today’s decision does not involve an “inadvertent” clerical error that misdirected an otherwise timely appeal.
Because the Allens missed the filing deadline, the Board was entitled to deny their impromptu request at the hearing to challenge the 2012 assessment for the first time. The district court correctly recognized the Board’s power to deny relief:
The [Allens] note that other counties may be more lenient in their approach to assisting landowners who protest their assessments. While this is likely true, there is no statutory requirement for county officials to grant such leniency. Legally, a landowner bears the full responsibility for making sure that all statutory requirements are followed in pursuing a protest of a property assessment. Although it may be more politically wise for a county official to be “user friendly” and assist citizens in correcting defects in documents filed with the county, it is not legally mandatory. If a county office decides to be more proactive in helping a citizen avoid mistakes when documents are filed, it does so as a matter of discretionary policy and not as a matter of binding legal precedent.
The majority has essentially expanded MC Holdings to allow taxpayers to orally amend their untimely petitions at the hearing to challenge a different year’s assessed value. The Board is entitled to know before the hearing what year’s assessed value is being challenged, so it is prepared to respond. In my view, the Board lacked jurisdiction to allow an oral amendment to an untimely petition. See MC Holdings, 830 N.W.2d at 332 (Waterman, J., dissenting). But, even under the majority’s holding, the Board had discretion to deny the amendment. The Board has made abundantly clear that it did not want to permit the amendment. It has good reasons for declining to permit taxpayers to change the year of their protest at the hearing. It seems to me to be a pointless exercise to remand this case to direct the Board to exercise its discretion and reach the same result.
Today’s majority creates an expansively lenient standard for tax appeals, brushing aside the practical problems such a standard creates. I would enforce the statutory requirements as written. There is nothing unfair about requiring tax protesters to timely file their challenge to a property tax assessment the proper year.
MANSFIELD and ZAGER, JJ., join this dissent.