MANSFIELD, Justice
(concurring specially).
I concur in result only. As I explain in my special concurrence today in Dolphin Residential Cooperative, Inc. v. Iowa City Board of Review, 868 N.W.2d 644, 2015 WL 2261250 (Iowa 2015), I believe Krupp Place 1 Co-op, Inc. v. Board of Review, 801 N.W.2d 9 (Iowa 2011), was wrongly decided and should be overruled. In my view, Iowa law does not extend residential property tax benefits to a commercial landlord simply because the landlord has performed a paper reorganization into a cooperative. When the new entity lacks members that are independent from each other and remains in reality the same unitary commercial enterprise as before, the economic substance test has not been met and the entity should not be recognized as a cooperative for property tax purposes.
In this case, our record is limited, and the arguments raised are equally limited. The record does show that all of the properties were previously commercial rental properties in Iowa City and were taxed as such. -In late December 2011, following the Krwpp decision, cooperatives were formed that apparently took over ownership of these properties. Each cooperative had two “incorporators”[3] — either PP One, Inc. and PP Two, Inc., or Myrtle Grove, Inc. and Myrtle Grove 2, Inc. Michael Oli-veira was the presidenVsecretary of both PP entities, and Michael Hodge was the president/secretary of both Myrtle Grove entities. Also, Mr. Oliveira was named the initial director of the entities with PP organizers, and Mr. Hodge was the initial director of the entities with Myrtle Grove organizers'. In May 2012, the Iowa City Board of Review reclassified all the properties from commercial to residential.
*672 That’s all we know. For example, we do not know who the present members of the purported cooperatives are. Are they the ' same as the organizers? Are Mr. Oliveira and Mr. Hodge still calling the shots? The record does not provide answers to these questions. While I suspect these cooperatives are as ephemeral as the purported cooperative in Dolphin, the present record is too sparse to allow me to reach that conclusion.
Also, the arguments raised by the City are rather narrow. The City argues only (1) corporations cannot be organizers, and (2) Iowa Code section 499A.11 requires that each member have an interest in only one apartment. I generally agree with the majority’s, resolution of these points.
Accordingly, I concur in the judgment in £his case

. The articles of incorporation use the term "incorporators,” but I assume “organizers" is meant. See Iowa Code § 499A.1(1) (2011).