**IN THE COURT OF APPEALS OF IOWA**

No. 23-0176
Filed August 21, 2024


**IN RE THE MARRIAGE OF JENNIFER LEIGH BURLAGE
AND TYLER LEE BURLAGE**

**Upon the Petition of
JENNIFER LEIGH BURLAGE n/k/a JENNIFER LEIGH HELLE,**
     Petitioner-Appellee,

**And Concerning
TYLER LEE BURLAGE,**
     Respondent-Appellant.
_____

Appeal from the Iowa District Court for Delaware County, Chad A. Kepros, Judge.


A former spouse appeals the denial of his petition to vacate the stipulated decree dissolving the parties' marriage under Iowa Rule of Civil Procedure 1.1012. **AFFIRMED.**


Cynthia D. Hucks of Box and Box Attorneys, Ottumwa, for appellant.

Caitlin Slessor of Shuttleworth & Ingersoll, Cedar Rapids, for appellee.


Considered by Schumacher, P.J., Langholz, J., and Bower, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**LANGHOLZ, Judge.**

"[A] total quagmire of a situation." Tyler Burlage's description of the district court proceedings on his challenges to the parties' stipulated divorce decree is apt. But the situation was worsened by Burlage's litigation choices. Burlage—during many stints of self-representation—and his six different attorneys did not chart a firm path through the legal complexities of trying to set aside a decree that he had seemingly agreed to in an on-the-record hearing based on claimed irregularities. And so, we are left with only one question that resolves this appeal: did the district court err in denying Burlage's petition to vacate because he could have raised his claims in a motion for a new trial within fifteen days of the decree?

On appeal, Burlage devotes little attention to answering this question. His single on-point argument—that the pending reconsideration motion prevented him from moving for a new trial—lacks merit. And the district court's finding that Burlage was aware of all the grounds for relief within the fifteen-day window for filing a motion for a new trial is supported by substantial evidence. We thus affirm the district court's denial of his petition to vacate the parties' dissolution decree. And assuming we can award appellate attorney fees, we exercise our discretion to decline both parties' requests for fees.

## I. Background Facts and Proceedings

Jennifer Helle and Tyler Burlage married in February 2012, and they have two children from their marriage. The parties shared a comfortable lifestyle. Tyler is an entrepreneur involved in several business ventures and had a substantial income during the marriage. The district court estimated the parties' annual income for child support purposes at $950,139 for Burlage and $35,481 for Helle.

Helle petitioned to dissolve the marriage in October 2020. Over the next year or so, the parties worked to reach a settlement agreement. In October 2021, they made a record before the district court on their agreement over the custody and care of their children. And then, their effort on the financial disputes culminated in January 2022 with a series of judicial settlement conferences with the then-assigned district judge. The conferences were held by videoconference and not reported. Then, the parties made a record of their agreement before the district court in a hearing on January 28, 2022. The court directed Helle's attorney to prepare a written decree consistent with the parties' agreement.

A few days later, on February 2, the court issued the dissolution decree. The next day, the district judge issued an order recusing herself "from all further proceedings in this matter" because she "conducted the multi-day settlement conference in this matter" that led to the decree. Then things got complicated.

First, Burlage switched attorneys. And on February 15, with the assistance of his new attorney, he timely moved for reconsideration of the decree under Iowa Rule of Civil Procedure 1.904(2), arguing that terms of the decree relating to his temporary possession of the marital home and holiday scheduling conflicted with the parties' agreement. About a week later, another district judge issued an order declining to take "further action on [Burlage's] motion" because the first judge "recused herself" and "the undersigned cannot reconsider a ruling made by another judge."

Rather than pushing back on that lack of ruling on his still-pending motion, Burlage filed a motion "to Un-recuse Judge from case" and renewed his 1.904 motion. In response, the original judge issued an order stating that she "cannot

rule on any motions, even if agreed between counsel." She explained that she had "recused herself from any further involvement in this matter due to the fact that she was involved as the mediator / settlement conference judge," that "[t]he parties' agreement was placed on the record," and that the decree was drafted "in conformance therewith and with the assistance of [Helle's] counsel."

Burlage soon decided to represent himself. And he filed a "petition for intervention" asking for "court intervention to resolve ongoing legal issues." He again argued that provisions of the decree did not match their agreement, and he claimed that he and his former attorney had not seen the proposed decree before it was issued. The court set his petition for hearing. But before the hearing was held, he continued to make more filings, including a motion to compel and motion for default judgment. Burlage then retained counsel again—one who had represented him before and one new. And so, the hearing on his pending motions was postponed. And with his new attorneys, Burlage supplemented his pending motions and petitions before the court.

The disputes before the court spiraled further as Burlage began subpoenaing witnesses—including the original judge and his original attorney— and they sought relief from the court. In July 2022, the supreme court assigned a new judge from outside the district to preside over the pending motions relating to the decree. Burlage soon switched to two new attorneys again. And over a series of orders and preliminary hearings, the court sought to clarify what motions Burlage continued to pursue and under what authority he did so. Eventually at a hearing in September 2022, at which Burlage was again representing himself after a "breakdown of the attorney-client relationship" with his latest attorneys, Burlage

withdrew all his pending motions—including his original, timely 1.904 motion that had never been ruled on by the court—and stated his intent to file a new petition to vacate the decree under rule 1.1012. The parties agreed that as long as Burlage filed that petition by November 1, it would be tried to the court in December.

Finally, in October 2022, Burlage again retained another new attorney. And with the attorney's assistance, on October 31, 2022, Burlage petitioned to vacate the decree under rule 1.1012. As grounds for setting aside the decree and resetting the matter for trial, he raised four irregularities in the proceedings.[1] First, he claimed that the original district judge coerced him into settling through her conduct during the January 2022 settlement conferences. He supported this assertion with a covert recording that he made of part of the settlement videoconference in violation of court order. Second, he contended that some terms of the decree do not match the parties' agreement. Third, he alleged that he did not have a chance to review the proposed decree submitted to the court by Helle's attorney before the decree was issued. And fourth, he claimed that the district judge's immediate recusal deprived him of his opportunity to correct any errors in the decree under rule 1.904.

The district court heard evidence and argument on Burlage's petition at a half-day hearing in December 2022. Two weeks later, the district court denied Burlage's petition. In a thorough thirty-one-page ruling, the court first reasoned that Burlage failed to show—as required by rule 1.1013—that his grounds for

---

[1] Burlage filed an amended petition shortly before the hearing and a brief based on the amended petition, and the parties agreed to proceed with trial on the amended petition.

setting aside the decree "were not and could not have been discovered in time to proceed for a new trial, so his petition to vacate is properly denied for that reason alone." Rather, the court found that Burlage knew of the grounds within the fifteen-day period for filing a motion for a new trial after the February 2 decree. The court reasoned that "[t]he irregularities claimed by [Burlage] each occurred in late January and early February of 2022" and indeed "all of the evidence presented by [Burlage] in support of his petition to vacate related to events occurring in early February of 2022 or earlier." And it pointed out Burlage was present for the alleged coercion by the district judge so those claims were known to him then in January. And he timely filed his 1.904 motion first challenging the decree on February 15, "so [he] clearly knew that the decree had been entered no later than the date of that filing."

The court alternatively considered the merits of Burlage's claims, holding that "none of the irregularities he claims are proven by him or serve as a basis to vacate the Decree of Dissolution of Marriage under the facts and circumstances of this case." It summed up its findings by explaining that Burlage "knew what he was agreeing to, the agreements were clear, he received substantial benefits from the agreements reached, and he was not coerced into agreeing." Burlage now appeals—again with a new attorney.

## II.     Petition to Vacate the Stipulated Dissolution Decree

We review the district court's ruling on a petition to vacate a dissolution decree under Iowa Rule of Civil Procedure 1.1012 for correction of errors at law. *See In re Marriage of Cutler*, 588 N.W.2d 425, 429–30 (Iowa 1999). So the court's fact findings are binding on us if supported by substantial evidence. *See id.* at 430.

And we are mindful that the district court has wide latitude in deciding whether to vacate an order. *In re Adoption of B.J.H.*, 564 N.W.2d 387, 391 (Iowa 1997).

As relevant here, rule 1.1012 authorizes the district court to vacate a decree and grant a new trial "[u]pon timely petition and notice under rule 1.1013" if the decree was obtained by "[i]rregularity or fraud." Iowa R. Civ. P. 1.1012(2). Rule 1.1013 requires the petition to "be filed and served in the original action within one year after the entry of the judgment or order involved." Iowa R. Civ. P. 1.1013(1). And "if it seeks a new trial," the petition must show that the grounds for relief "were not and could not have been discovered in time to proceed under rule 1.977 or 1.1004." *Id.* Rule 1.977—authorizing setting aside default judgments—is not relevant here. But rule 1.1004 provides that parties may seek a new trial when their "substantial rights" have been affected by many causes, including "[i]rregularity in the proceedings" and "[m]isconduct of the . . . prevailing party." Iowa R. Civ. P. 1.1004. And a 1.1004 motion "must be filed within fifteen days after filing of the . . . decision with the clerk." Iowa R. Civ. P. 1.1007. When a party fails to meet this requirement of rule 1.1013, denial of the petition is proper. *See In re Moser*, No. 12–0762, 2012 WL 5954180, at *1–2 (Iowa Ct. App. Nov. 29, 2012); *In re Marriage of Woldegabir*, No. 13-0765, 2014 WL 2348255, at *5 (Iowa Ct. App May 29, 2014); *cf. Stoner v. Kilen*, 528 N.W.2d 648, 650 (Iowa Ct. App. 1995) (affirming denial based on the predecessor to rule 1.1013's discovery requirement in the context of a default judgment).

The district court found that Burlage had failed to meet rule 1.1013's requirement to show that his grounds for relief were not and could not have been discovered within fifteen days of the dissolution decree—the period for filing a

motion for a new trial under rule 1.1004. Indeed, the court found that his petition's "grounds and evidence in support were fully known in time to proceed under Rule 1.1004." These findings are binding on us unless they are not supported by substantial evidence. *See Cutler*, 588 N.W.2d at 430. Yet Burlage makes no attempt to argue the record lacks substantial evidence. Nor could he—the district court's careful decision is well-supported by substantial evidence in the record.

Instead, Burlage makes only a single argument in response. He contends that he "could not have proceeded with seeking 1.1004 relief, as his 1.904 motion had not been ruled on in the sixty-day window." But Burlage cites no authority supporting his contention that his 1.904 motion had any effect on his ability to seek a new trial under rule 1.1004. *See* Iowa R. App. P. 6.903(2)(a)(8)(3) (requiring "argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on and references to the pertinent parts of the record" and providing that "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue"). Nor does he give any other reasoned explanation of why that would be so.

What's more, Burlage's argument fails. Rule 1.904 expressly states that a motion for a new trial under rule 1.1004 can be filed along with a 1.904 motion. *See* Iowa R. Civ. P. 1.904(2) (authorizing reconsideration "[o]n motion joined with or filed within the time allowed for motion for new trial"). And filing both motions is common. *See, e.g.*, *Walnut Creek Townhome Assn. v. Depositors Ins. Co.*, 913 N.W.2d 80, 86 (Iowa 2018); *Krupp Place 1 Co-op, Inc. v. Bd. of Rev. of Jasper Cnty.*, 801 N.W.2d 9, 12 (Iowa 2011).

And so, Burlage offers no basis for us to conclude the district court erred. He failed to show that the grounds for relief made in his petition to vacate the February 2 decree—filed almost nine months later on October 31—were not and could not have been discovered by February 17, the deadline for filing a motion for a new trial under rule 1.1004. We thus affirm the district court's denial of his petition for failing to meet that requirement of rule 1.1013(1).

### III.     Appellate Attorney Fees

Both parties ask us to award them appellate attorney fees. It is questionable whether we can award fees in this appeal of a ruling on a petition to vacate under rule 1.1012—which provides no authorization for fees—rather than the underlying dissolution decree. *See In re Marriage of Murray*, 11-0980, 2012 WL 299672, at *4 (Iowa Ct. App. Feb. 1, 2012). But even if we have the authority, appellate attorney fees in dissolution proceedings are not awarded as a matter of right. *See In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013). In deciding "whether to award appellate attorney fees, we consider the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *Id.* (cleaned up). Considering these factors—including the lack of Burlage's success on appeal, Helle's failure to make a specific showing of her fees incurred, and the financial resources provided to Helle in the decree—we decline to award appellate fees to either party.

**AFFIRMED.**