J. E. SHIRK, Appellee v. TOWNSHIP BOARD OF REVIEW, MONMOUTH TOWNSHIP, Appellant. J. E. SHIRK, Appellee v. CITY OF MAQUOKETA, and ITS BOARD OF REVIEW.

**Taxation of nonresident:** JURISDICTION. Nonresidence of a tax payer will not deprive the court of jurisdiction on appeal from the action of a local board of review in refusing to set his assessment aside.

Exemption from taxation: ASSESSMENT ELSEWHERE. One seeking to establish his claim of exemption from taxation on the ground of nonresidence is not required to show that his property was assessed elsewhere.

Change of domicile. Where both the fact and intent to gain a domicile in another jurisdiction concur, the change is effected.

New trial. Where there is not a sufficient showing of diligence in the discovery of new evidence another trial will not be granted on that ground.

*Appeal from Jackson District Court.*— HON. A. J. HOUSE, Judge.

WEDNESDAY, FEBRUARY 12, 1908.

APPEAL from the action of the district court in setting aside an assessment on moneys and credits against plaintiff for the year 1906.— *Affirmed.*

*W. H. Palmer,* for appellant.

*F. D. Kelsey,* for appellee.

DEEMER, J.— In October, 1905, plaintiff went to Oklahoma with intent, as he claims, to make that then territory his residence, and returned according to his contention for a temporary purpose in February, 1906. During his absence he was assessed on money and credits in the township of Monmouth in Jackson county, and also in the city of Maquoketa in said county. Plaintiff appeared before the township board of review and also before the city board and objected to said assessments, claiming that he was assessed on the same property in Oklahoma, and that his residence on the 1st day of January, 1906, was in that territory. Each board overruled his objections, and he then appealed to the district court and when the cases were reached in that court they were consolidated and tried together. In the district court plaintiff filed what he called a petition,

in which he averred, his nonresidence at the time for which the assessment was made, and asked that the assessments be stricken. Defendant township board of review filed an answer, in which, among other things, it admitted that plaintiff appeared and objected to the assessment upon the ground of nonresidence, and because the property had been taxed in another jurisdiction, but it pleaded that pursuant thereto time was given plaintiff to make his showing which he failed and neglected to do, and that for this reason the district court had no jurisdiction of the appeal. To this part of the answer plaintiff demurred because it appeared that the board of review had no jurisdiction over his property. Testimony was then taken upon the issue as to plaintiff's residence, and at the conclusion thereof the case was submitted, resulting in an order sustaining the demurrer and finding that the assessment made for the township was illegal and void. The assessment made by the board of review of the city of Maquoketa was also canceled and set aside. The township board alone appeals.

The first point made by appellant is that if the plaintiff was a nonresident, as he claimed, neither the board of review nor the district court had any jurisdiction of the case; and

1. TAXATION OF NONRESIDENT: jurisdiction.

he contends that the appeal should have been dismissed in the district court. No such relief was asked in that court, and, had it been, the proposition would have been without merit. Jurisdictional questions may be raised upon appeal as well as by other proceedings. Code, section 1373; *Farmers' Loan Co. v. Fonda*, 114 Iowa, 732; *Dickey v. Polk County*, 58 Iowa, 290; *Berkey v. Thompson*, 126 Iowa, 397.

Next it is contended that plaintiff did not raise the question of nonresidence or want of jurisdiction before the

2. EXEMPTION FROM TAXATION assessment elsewhere.

board; and that, if he did, he did not meet the board at a time fixed for the hearing to show that his property was assessed in another State. The record shows that he did raise the ques-

tion of non-residence before the board, and he was not required in order to establish this claim to show that his property was elsewhere assessed. Ingersoll v. City, 46 Iowa, 554; Burns v. McNally, 90 Iowa, 432.

The next and final contention is that the trial court was in error in its finding as to plaintiff's residence. Claim is made that he was a resident of this state and of the

3. CHANGE OF
DOMICILE.
county and township named on January 1, 1906. Much testimony was taken pro and con upon this proposition. We have gone over the record with care, and see no reason for interfering with the finding of the trial court on this issue. Fact and intent must concur in order that one may gain a residence or domicile in another jurisdiction from that in which we find his original domicile. But both are shown here.

Defendants' motion for a new trial on the ground of newly discovered evidence was properly overruled, because

4. NEW TRIAL.
there is not sufficient showing of facts constituting diligence to obtain it before the trial.

No error appears, and the judgment of the district court must be, and it is, affirmed.