# IN THE SUPREME COURT OF IOWA

No. 12–1377

Filed February 21, 2014

**EDWIN ALLEN III** and **MELISSA D. ALLEN,**

    Appellants,

vs.

**DALLAS COUNTY BOARD OF REVIEW,**

    Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Dallas County, Terry R. Rickers, Judge.

Taxpayers appealed review board's dismissal of their tax protest. District court granted summary judgment in favor of board. **DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

Edwin Allen III and Melissa D. Allen, pro se.

M. Brett Ryan of Watson & Ryan, P.L.C., Council Bluffs, for appellee.

**HECHT, Justice.**

Taxpayers filed a petition in 2012 protesting a county board of review's assessment valuation of residential real estate. The petition stated, however, that the protest was lodged against the 2011 property assessment valuation. When the taxpayers subsequently appeared at the board's hearing on the protest, they were asked whether they disputed the 2011 valuation or the more recent one for 2012. The taxpayers responded they wished to protest the valuations for both years if possible, but the board denied the protest on the ground it lacked subject matter jurisdiction because the 2011 protest was untimely. The district court affirmed the board's disposition. The court of appeals reversed the district court's decision, and we granted further review to decide whether the board erred in concluding it lacked subject matter jurisdiction and abused its discretion in failing to consider the taxpayers' request that their protest be considered for the 2012 assessment valuation.

## I. Background Facts and Proceedings.

Appellants Edwin and Melissa Allen, appearing pro se, own residential real estate in West Des Moines, Iowa. Effective January 2011, the Dallas County Board of Review (the Board) established an assessment value of $308,750 for the Allens' property for tax purposes. The Board established a new value of $316,310 for the Allen property in January 2012.

On April 16, 2012, Edwin filed a petition with the Board, objecting to the assessment on the ground it was "for more than the value authorized by law." On the standard form petition, Edwin indicated the actual and fair assessment value of the property was $300,000. Edwin also indicated the objection was brought in response to "the assessment

made against [the property] as of January 1, 2011 in the sum of $308,750 . . . ." The petition made no reference to the greater January 2012 assessment value, although supporting documentation available to the Board at the time of the filing indicated the Board was aware of that value.

In anticipation of a May hearing on the assessment protest, Board representatives visited and walked through the property to gather facts informing the Board's action on the Allens' petition. The Board then held the hearing on May 23. In a supplemental filing in later district court proceedings below, Edwin gave an account of the hearing. The Board gave no alternative account. In his account, Edwin indicated the Board asked him whether he was disputing the 2011 assessment or the 2012 assessment. In response, Edwin expressed the Allens' desire to dispute both assessments if possible, but also acknowledged a willingness to limit the protest to the 2012 assessment if necessary. Edwin added the Board then expressed some uncertainty whether the Allens could still object to the 2011 assessment in 2012 under the pertinent sections of the Iowa Code. The Board noted it would confer and seek clarification on the statute's procedural requirements before ruling on the Allens' petition.

Following the hearing, the Board notified Edwin by letter it had dismissed the Allens' assessment protest as untimely. According to Edwin, the Board's letter, not in the record, noted

> The taxpayer filed the protest for the year 2011 rather than the current assessment year, thus the petition has the effect of not being timely filed; the taxpayer failed to prove that there has been a change in the value of the real estate since it was last assessed; and finally, an economic condition or situation is not proper ground for arguing a change in value; therefore the taxpayer has filed under improper grounds in the Opinion of the Board.

The Allens appealed the Board's decision in district court. In the notice of appeal, the Allens noted the Board had denied the assessment protest on jurisdictional grounds. As grounds for the appeal, the Allens reiterated their contentions that the Board's assessment was greater than the value authorized by law and inequitable when compared with assessments of comparable properties in their district. The Board moved for summary judgment, maintaining the Allens had failed to invoke the jurisdiction of both the Board and the district court. Specifically, the Board argued, the version of Iowa's assessment protest statute then in effect[1] precluded consideration of the Allens' protest of the 2011 assessment in 2012 and prohibited the Allens from raising a new challenge to the 2012 assessment on appeal.

Resisting the Board's motion, the Allens contended (1) the protest statute allowed for protests of odd-year assessments in even years, (2) the statute allowed for protests of odd-year assessments in "any year after the year in which an assessment has been made of all of the real estate in any taxing district," which had last occurred in 2011, as directed by a separate section of the statute, and (3) had the Board concluded the Allen petition was insufficient to invoke its jurisdiction, it should have allowed the Allens to amend or supplement the petition as necessary to cure the Board's procedural concerns.

The district court granted the Board's summary judgment motion, concluding neither the Board nor the court had subject matter jurisdiction to hear the Allens' claim. The court reasoned the Allens' petition indicated only a challenge to the 2011 assessment, a 2011 challenge in 2012 was precluded by statute, and the court had no

---

[1]The relevant statutory provisions have been amended since this appeal was filed in 2013. We limit our review here to provisions effective at the time of the protest.

authority to amend or rewrite the contents of the petition. The Allens appealed and we transferred the case to the court of appeals.

The court of appeals concluded the Allens' protest of the 2011 assessment was untimely and that the Allens' petition failed to substantially comply with the statutory requirements for challenging the 2012 assessment. The court of appeals concluded, however, the Board had the authority to allow the Allens to amend their petition, and the Allens had raised a genuine issue of material fact as to whether Edwin had moved to amend the petition at the protest hearing or otherwise. The court of appeals therefore reversed the district court's summary judgment ruling and remanded for further proceedings. The Board appealed and we granted further review of the court of appeals decision.

## II. Scope of Review.

We review the district court's grant of summary judgment for errors at law. *Griffin Pipe Prods. Co. v. Bd. of Review*, 789 N.W.2d 769, 772 (Iowa 2010).

## III. Analysis.

The Allens contend the district court erred in concluding the Board had no subject matter jurisdiction over their claim and erred in determining their petition failed to substantially comply with the statutory requirements for filing a protest. The Board responds by arguing the Allens' petition failed to satisfy the statutory requirements for a protest for 2011 and failed to invoke the Board's jurisdiction for a 2012 protest; the Board had no authority to allow an amendment to cure any alleged defect, jurisdictional or otherwise; and a court reviewing the Board's decision on appeal has no authority to find an abuse of the Board's discretion, because the court's power is limited by statute to adjustment or confirmation of the established assessment value.

**A. The District Court's Authority.** As a preliminary matter, the Board contends section 441.43 of the Iowa Code, governing appeals of the Board's action in district court, limits the power of the district court on review and prevents the court from reviewing the Board's conclusions regarding its own discretion and authority. As the Board notes, section 441.43 grants the district court the limited power to "increase, decrease, or affirm the amount of the assessment appealed from." *See* Iowa Code § 441.43 (2011). Section 441.43 is not the end of the district court's inquiry, however.

We have previously explained that while the Board has the authority and duty to determine the limits of its own statutory authority, it is the function of the judiciary to finally determine the limits of that authority. *See Moderate Income Hous., Inc. v. Bd. of Review*, 393 N.W.2d 324, 326 (Iowa 1986). Once the Board has "determined its jurisdiction or otherwise acted," its authority to act is subject to review either by appeal or by certiorari. *See id.*; *see also MC Holdings, L.L.C. v. Davis Cnty. Bd. of Review*, 830 N.W.2d 325, 331 (Iowa 2013) (affirming district court's ruling regarding assessment board's jurisdiction and concluding board abused discretion by failing to exercise discretion); *cf. Anstey v. Iowa State Commerce Comm'n*, 292 N.W.2d 380, 384 (Iowa 1980) (establishing substantial evidence standard for judicial review of agency's jurisdictional rulings). The district court therefore properly had before it questions regarding the Board's jurisdiction and exercise of discretion in considering the Allens' petition.

**B. The Board's Jurisdiction and Authority.** The district court concluded the Board correctly determined it had no subject matter jurisdiction over the Allens' petition because the petition failed to set forth a valid ground for protest under the relevant Iowa Code provision.

The court also concluded there "is no statutory requirement for county officials" to consider taxpayers' requests to amend or otherwise conform petitions to cure statutory defects, explaining a county office may entertain these requests as a matter of discretionary policy but need not do so as a matter of law.

We have recently explained the distinction between a review board's subject matter jurisdiction and its authority to act in tax protest cases. *MC Holdings*, 830 N.W.2d at 329–30. In *MC Holdings*, we noted several sections of the Iowa Code grant review boards jurisdiction over taxpayer protests, and explained despite this jurisdiction, a taxpayer's failure to comply with statutory protest requirements may leave a board without authority to grant relief in any given protest. *Id.* We also observed that statutory limitations on a board's authority to grant relief in any given case should not be confused with the board's authority to address "procedural matters that accompany the process." *Id.* at 330. We therefore concluded in *MC Holdings* a review board errs when it determines it has no jurisdiction or authority to consider amendments to timely-filed protest petitions for the purpose of complying with other statutory requirements. *Id.* at 331. Instead, we explained, a review board having subject matter jurisdiction over a protest has discretion to consider amendment requests, and the board abuses its discretion when it fails to exercise discretion. *Id.*; *cf. Lawson v. Kurtzhals*, 792 N.W.2d 251, 257 (Iowa 2010) (noting a court abuses its discretion when it fails to exercise it).

Iowa Code section 441.37 details several grounds for taxpayer protests the Board has been authorized to decide. *See* Iowa Code § 441.37. At the time of the Allens' protest, the available grounds included: an inequitable assessment when compared with assessments

of comparable property in the taxing district; an assessment for more than the value authorized by law; or an erroneous assessment for property not assessable, or exempt, or misclassified. *Id.* § 441.37(1). Section 441.37 required protests relying on these grounds be filed in written form between April 16 and May 5 of the year of assessment. *Id.* Alternatively, section 441.37 allowed taxpayers to "protest annually to the board of review under the provisions of section 441.35," provided the protest was "in the same manner and upon the same terms as" prescribed by section 441.37. *Id.*

Under section 441.35, which details the review board's powers, the board had a duty to consider whether real estate had changed in value in "any year after the year in which an assessment has been made of all the real estate in any taxing district," *id.* § 441.35(3), which typically happened every two years in Iowa, *see id.* § 428.4. A taxpayer was permitted to petition annually under section 441.35 for "a revaluation of the taxpayer's property," but could not receive an adjustment for taxes paid for previous years. *See id.* § 441.35(3).

As we noted above, the Allens brought their written protest in 2012. On the standard form petition, filed at the beginning of the statutory protest window on April 16, the Allens indicated they were challenging the 2011 assessment value of $308,750. As grounds for the protest, they contended the assessment was inequitable in light of assessments of comparable property in their district and the assessment was for more than the fair market value authorized by law, which they contended was $300,000. Supporting documentation available to the Board revealed the more recent 2012 assessment value for the property was $316,310. The documentation associated with the Allens' protest thus identified the subject property, identified a challenge to the Board's

value for the property, identified appropriate statutory grounds for the challenge, and identified the Allens' position with respect to the maximum value authorized by law.

Despite the Allens' satisfaction of these statutory requirements, the Board maintains any failure to comply with another statutory filing requirement leaves a review board without jurisdiction over the protest, relying on language from our decision in *BHC Co. v. Board of Review*, 351 N.W.2d 523 (Iowa 1984). In *BHC*, we concluded the district court had no jurisdiction over an appeal taken from a review board where, despite the best efforts of counsel, the board received no notice of the appeal until three days after the statutory notice window had closed. *Id.* at 526. We believe the *BHC* principle is inapplicable here, however, for two reasons.

First, *BHC* considered the timeliness of an appeal taken from the review board to the district court, whereas here we consider an original action in front of the review board. We have often explained pleading requirements in judicial review proceedings can be more stringent than those required in an original action, and for good reason. *See Black v. Univ. of Iowa*, 362 N.W.2d 459, 462–64 (Iowa 1985). In fact, we made the same distinction in *BHC*. *See BHC*, 351 N.W.2d at 525. Undergirding our caselaw regarding judicial review procedure are the goals of simplifying "the process of judicial review of agency action as well as increas[ing] its ease and availability." Iowa Code § 17A.1(3); *see Black*, 362 N.W.2d at 464 ("That purpose would not be served satisfactorily if we were to allow judicial review proceedings to be joined with and necessarily bogged down by the time-consuming procedures routinely followed in the preparation for and trial of original actions."). We may treat original actions like the Allens' protest differently, however, because the issues "may develop and change in the course of presenting evidence

and making proof," whereas on appeal, the proof is less susceptible to change and the opposing party is entitled to know the precise nature of the claimed errors. *Kohorst v. Iowa State Commerce Comm'n*, 348 N.W.2d 619, 621 (Iowa 1984); *see also* Iowa Code § 441.38 (providing for taxpayer appeal to the district court and directing "[n]o new grounds in addition to those set out in the protest to the local board . . . can be pleaded," while allowing, in certain appeals, "[a]dditional evidence to sustain those grounds").

Second, we have long been hesitant to deem statutory procedural requirements jurisdictional in the absence of explicit statutory guidance otherwise. *See MC Holdings*, 830 N.W.2d at 330 (concluding review board had jurisdiction where taxpayer timely filed written protest identifying property but inadvertently identified improper statutory ground for protest); *Moderate Income Hous.*, 393 N.W.2d at 325 (concluding district court's dismissal of taxpayer action failing to comply with statutory appeal provision was not based on jurisdictional defect, but was, in effect, "a dismissal of the action for failure to state a claim on which any relief can be granted"); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 509–10, 126 S. Ct. 1235, 1242, 163 L. Ed. 2d 1097, 1106–07 (2006) (explaining nonextendable time limits, "however emphatic," are not properly termed jurisdictional, and noting distinction, in absence of statutory guidance otherwise, between elements of a claim for relief and jurisdictional issues). Here, the statutory provision enumerating the powers of the Board, entitled "Powers of review board," makes no reference to when the Board may or may not assume jurisdiction over a case or generally perform its enumerated duties. *See* Iowa Code § 441.35; *see also Arbaugh*, 546 U.S. at 515–16, 126 S. Ct. at 1245, 163 L. Ed. 2d at 1110 ("If the Legislature clearly states that a threshold

limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue." (Footnote omitted.)).

We also note the assessment statute indicates the calendar windows set forth in other statutory provisions are not hardline requirements for purposes of the Board's performance of its duties, one of which is adjudication of taxpayer protests like the Allens'. *See* Iowa Code § 441.33 (directing that if the board "has not completed its work by May 31 . . . the director of revenue may authorize the board of review to continue in session for a period necessary to complete its work"); *cf. id.* § 441.37 ("In any county which has been declared to be a disaster area . . . the board of review shall be authorized to remain in session until June 15 and the time for filing a protest shall be extended . . . .").

We therefore conclude the Allens' petition was sufficient to invoke the jurisdiction of the Board and bring the Allens' protest within the class of cases the Board was authorized to review under the protest provisions of the Iowa Code.[2] *See id.* § 441.35(3) (authorizing review board to hear taxpayer petitions for revaluation in "any year after the year in which an assessment has been made of all of the real estate in any taxing district," and directing board to "revalue or reassess any part or all of the real estate" when the property "has changed in value"); *id.* § 441.37(1)(*a*) (authorizing same-year taxpayer protests for inequitable, excessive, or improper assessments in the year of the assessment); *id.* § 441.37(1) (authorizing subsequent-year taxpayer protests under section 441.35); *Sec. Mut. Ins. Ass'n of Iowa v. Bd. of Review*, 467 N.W.2d 301,

---

[2]As we explained in *MC Holdings*, the Board's subject matter jurisdiction is not dispositive of the question of the Board's statutory authority to grant *relief* in any given case, but that question is not before us here. *See MC Holdings*, 830 N.W.2d at 329–30.

305 (Iowa Ct. App. 1991) ("The essence of the protest (the "ground") remains the same regardless of the year in which the protest is lodged or in which the revaluation is granted."); *see also MC Holdings*, 830 N.W.2d at 330 (concluding review board had jurisdiction and explaining taxpayer protests "are within the class of cases a board of review is authorized to adjudicate"); *Moderate Income Hous.*, 393 N.W.2d at 325 (noting district court had jurisdiction "of the subject matter involved" where taxpayer failed to comply with statutory appeal requirements); *cf. Arbaugh*, 546 U.S. at 515–16, 126 S. Ct. at 1245, 163 L. Ed. 2d at 1110 (explaining when the legislature "does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character").

The Board adds that regardless how we resolve the jurisdictional question, it had no authority to entertain a request to amend the Allens' petition and relate the amendment back to the Allens' original timely-filed petition. No rule or statute applicable here, the Board argues, allows for untimely filing of a petition or the relation back of an untimely amendment. Instead, the Board contends, the relation-back concept is a civil procedure doctrine, and Iowa caselaw suggests the Iowa Rules of Civil Procedure do not apply in tax assessment proceedings. The district court took a related position, apparently addressing the Board's authority both to *consider* the request and to *grant* the request in explaining "other counties may be more lenient in their approach" than the Board was here, but no statutory requirement compelled the Board to consider the Allens' request to hear a challenge to the Board's 2012 assessment value.

We have previously explained the civil procedure rule governing notice and service requirements for perfection of appeals does not apply

in cases where appeals are taken from a review board to the district court, because our assessment and protest provisions establish their own more stringent service requirements. *See Waterloo Civic Ctr. Hotel Co. v. Bd. of Review*, 451 N.W.2d 489, 490–91 (Iowa 1990); *see also Wade Farms, Inc. v. City of Weldon*, 419 N.W.2d 718, 723 (Iowa 1988) (explaining "the rules of civil procedure do not apply in those cases in which statutes provide a different procedure"). We have not, however, had occasion to say our rules of civil procedure are inapplicable in original actions before lower tribunals like the Board and have no occasion to decide that question here. Instead, we consider only whether the Board had the authority to entertain a request to amend and relate the request back to the Allens' original petition.

At the outset, we note we have often considered the principles and policies underlying our civil procedure rules in determining whether concepts from the rules have application in other contexts. *See MC Holdings*, 830 N.W.2d at 330 n.2 (considering whether a review board had the authority to grant an amendment request and explaining "[a]n amendment to a protest would not conflict with the relation-back doctrine"); *Mauk v. State Dep't of Human Servs.*, 617 N.W.2d 909, 912 (Iowa 2000) ("Mauk had the same rights to discovery as applicable to civil actions."); *Purethane, Inc. v. Iowa State Bd. of Tax Review*, 498 N.W.2d 706, 710–11 (Iowa 1993) (considering application of civil procedure rule's good-cause standard in determining whether to set aside state tax review board's default judgment); *cf. Hoenig v. Mason & Hanger, Inc.*, 162 N.W.2d 188, 192 (Iowa 1968) ("The key to pleading in an administrative process is nothing more nor less than opportunity to prepare and defend. And deficiencies in any pleading in that field may be cured by a motion for more specific statement."). Administrative tribunals have done the

same.  *See Curtin v. Construction*, No. 1230789, 2001 WL 34110840, at *4 (Iowa Workers' Comp. Comm'n Sept. 28, 2001) (citing precursor to Iowa Rule of Civil Procedure 1.402 in explaining parties may amend pleadings by leave of the commissioner and such leave shall be freely given); 15 James R. Lawyer, *Iowa Practice Series: Workers' Compensation* § 21:12, at 252 (2013) (discussing civil procedure principles governing amendment in workers' compensation proceedings); *accord* Iowa Code § 17A.13(1) ("Discovery procedures applicable to civil actions are available to all parties in contested cases before an agency.").

Furthermore, in the absence of statutory directives to the contrary, we have often explained strict procedural rules are not typically applicable in administrative and other proceedings.  *See, e.g., Iron Workers Local No. 67 v. Hart*, 191 N.W.2d 758, 768 (Iowa 1971) (explaining "technical rules of pleading have no application in an administrative proceeding"); *Younker Bros. v. Zirbel*, 234 Iowa 269, 273, 12 N.W.2d 219, 222 (1943) (examining earlier version of tax assessment statute and explaining "[t]he provisions of the statute are directions, only, and are not prohibitory mandates to the Board, or inflexible limitations upon the exercise of its powers, or the performance of its duties").  Our legislature, in enacting Iowa's Administrative Procedure Act, emphasized one of the principles underlying that proposition, explaining nothing in the Act is intended "to alter the substantive rights of any person or agency."  Iowa Code § 17A.1(4); *see also id.* § 17A.1(2) ("Nothing in this chapter is meant to discourage agencies from adopting procedures providing greater protections to the public or conferring additional rights upon the public[.]").

Similarly, our administrative code, including administrative rules for local boards of review, directs that nothing in the administrative code

"should be construed as prohibiting the exercise of honest judgment, as provided by law, by the assessors and local boards of review in matters pertaining to valuing and assessing of individual properties within their respective jurisdictions." Iowa Admin. Code r. 701—71.18; *accord* Iowa Admin. Code r. 701—71.20 ("The protester may combine on one form assessment protests on parcels separately assessed if the same grounds are relied upon as the basis for protesting each separate assessment.").

Other jurisdictions have likewise concluded review board proceedings are informal and typically to be governed such that taxpayers are given a full opportunity to appear and present grievances. *See, e.g., Brock v. N.C. Prop. Tax Comm'n*, 228 S.E.2d 254, 258–59 (N.C. 1976) ("A county board of equalization and review operates in a very informal manner. No record is kept and usually little hard evidence exists to indicate the procedures followed."); *N. Pac. Ry. v. Clatsop County*, 145 P. 271, 273 (Or. 1915) ("Taxpayers may properly appear when they desire and discuss the matter of their assessment in an informal way before the board of equalization[.]"). The relative informality of such proceedings has led other courts to conclude taxpayers' rights to challenge the validity of taxes should not typically be limited by failure to comply with nonjurisdictional statutory procedural provisions. *See Trotwood Trailers v. Evatt*, 51 N.E.2d 645, 648 (Ohio 1943) ("Defects or omissions because of such failure may be corrected by amendment without prejudice to the taxing authority."); *see also Catholic Charities of Diocese of Camden v. City of Pleasantville*, 263 A.2d 803, 809 (N.J. Super. Ct. App. Div. 1970) ("Statutes establishing a procedure for setting aside assessments are liberally construed in the interests of equality and uniformity."), *overruled on other grounds by Boys' Club of Clifton, Inc. v. Jefferson Township*, 371 A.2d 22, 31 (1977).

We consider the Board's argument regarding its authority to entertain amendment requests in light of the foregoing authorities. We acknowledge the original Allen petition, filed within the statutory window for the current assessment year, indicated only a challenge to the 2011 assessment. The petition did, however, clearly set forth the Allens' position regarding the fair market value of the property, and gave the Board notice regarding the ground for the challenge—namely, that the Board's assessment was too high. *See Sec. Mut. Ins. Ass'n of Iowa*, 467 N.W.2d at 305 (noting protest remains same "regardless of the year in which the protest is lodged" and explaining board of review appropriately recast inappropriately-lodged subsequent-year protest as same-year protest).

We find it significant that the statutory filing requirements were in effect from the time of petition onward. The Board could therefore understand the nature of the relief sought by the Allens and could not have concluded, in considering a request for amendment, the Allens' theory for relief had changed. *See id.* ("Appellants understood the nature of the relief sought by the taxpayer at every stage in these proceedings, and the taxpayer's theory for relief has not changed."). We have often explained a party may be permitted to correct certain errors in the absence of prejudice to the opposing party. *See, e.g.*, *Patten v. City of Waterloo*, 260 N.W.2d 840, 841 (Iowa 1977) ("[T]echnical mistakes will not preclude an injured plaintiff from recovery, except where the correction of such mistakes would materially prejudice the rights of a defendant."). We have also held a review board has the authority to consider timely requests to amend protests and abuses its discretion in failing to exercise that discretion with respect to such requests. *MC Holdings*, 830 N.W.2d at 330–31.

Based on our review of the authorities applying civil procedure principles in less formal proceedings, the authorities governing review board procedure, our caselaw regarding review board authority, and the details of the Allens' petition here, we conclude the Board had the authority to entertain a request for amendment of the Allen petition and relate it back to the original filing. *See id.* at 330 n.2 (explaining where review board is given timely notice of a protest and amendment is sought while board retains ability to act, board has authority to consider request).

With that conclusion in mind, we note the Allens presented evidence in the district court they made a request to amend their petition at the review board hearing. The Board offered no contrary evidence. Further, in its summary judgment motion in the district court, the Board explained it had dismissed the Allens' petition for lack of subject matter jurisdiction after the hearing and presented no evidence indicating it knew it could exercise discretion or did in fact exercise discretion regarding an amendment request. Based on the record before us, we cannot conclude the Board exercised its discretion, as required by our caselaw, to entertain the Allens' request.

Accordingly, we conclude the district court erred in ruling the Board correctly dismissed the Allens' protest petition for lack of subject matter jurisdiction. We further conclude the district court erred in ruling the Board correctly determined it had no authority to consider the Allens' request to amend their petition and relate it back to the original filing.

## IV. Conclusion.

We therefore reverse the district court's summary judgment ruling and remand to the district court for further proceedings.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

All justices concur except Waterman, Mansfield, and Zager, JJ., who dissent.

19

#12–1377, *Allen v. Dallas Cnty. Bd. of Review*

**WATERMAN, Justice (dissenting).**

I respectfully dissent. The majority acknowledges that the Allens' appeal of their 2011 property tax assessment was untimely. The Allens' submission to the Board of Review challenged only their 2011 valuation ($308,750) of their home in West Des Moines. Their petition did not challenge or even mention their 2012 valuation ($316,310). The Board correctly denied their protest as untimely, and the district court correctly granted the Board's motion for summary judgment dismissing their appeal. I would affirm the district court and the Board. The Board had no obligation to allow the Allens to orally amend their protest at the hearing to challenge the assessed valuation for a different year. Our court should not second-guess the Board's decision.

Today's decision further undermines the Board's authority, compounding damage done in the majority's erroneous decision last year in *MC Holdings, L.L.C. v Davis County Board of Review*, 830 N.W.2d 325 (Iowa 2013). I dissent today for the same reasons I dissented last year. *See id.* at 331–35 (Waterman, J., dissenting). But, today's opinion is more egregious because of the additional problems and confusion it creates.

The Board's application for further review describes the practical problems and unfairness that result from today's decision:

> This ruling . . . basically eliminates any requirement that the taxpayer put the board on notice as to the nature and substance of their protest, instead shifting the responsibility for determining what grounds are being asserted to the Board, who must now make this determination based upon oral statements from the taxpayer at their hearing. This ruling eliminates the statutory requirement that the taxpayer set forth the grounds for protest in writing . . . .

The . . . ruling creates significant confusion in an 'interim' or non-assessment year, when the only claim available is a claim that the property has suffered a downward change in value. *See* Iowa Code § 441.35. Under the current ruling, a taxpayer in an interim year need only make an oral allegation that its property was over assessed, and now that claim is available in a year when it was previously unavailable. Unless this Court wishes to double the amount of property tax cases it hears (a result of the every-other-year assessment system), this case cannot stand.

In addition, the . . . ruling puts a standard on the Boards of Review that is not placed on any other tribunal in Iowa, to determine the grounds asserted by the litigant based upon their oral argument. This is patently unfair, and would be akin to this Court having to hear arguments on issues raised in the Court of Appeals oral argument, even though the litigants did not raise the issue in their briefs.

The Board of Review hears hundreds of protests in any given session, and is required by statute to be comprised of lay people from the community. Iowa Code § 441.31(1) ("[T]his board shall include one licensed real estate broker and one registered architect or person experienced in the building and construction field. In the case of a county, at least one member of the board shall be a farmer[.]"). To place the responsibility for gleaning the nature [of] Taxpayer's claims based upon evidence presented in an oral argument to a group of lay people, rather than on the party bringing the claim is absurd.

Moreover, the Allens' conduct crosses the line drawn by *MC Holdings*. *MC Holdings* involved a lawyer who prepared two proper petitions to be filed in different counties and inadvertently switched the documentation. 830 N.W.2d at 327–28. Each petition properly alleged the correct year and grounds for the protest. *Id.* at 327. A cover letter referencing the taxpayer and property was filed by the deadline in the right county, but with the wrong petition attached. *Id.* at 327–28. The *MC Holdings* majority relaxed the rules to allow a written amendment to the petition to relate back, based on this characterization of the procedural posture of that case:

> *[T]his case is not one in which a protester missed a filing deadline, ignored the filing deadline, or filed a late protest.*

> *This case is also not one about excusing taxpayers from the requirement to timely file protests.* Instead, it is a case about the jurisdiction and authority of a board of review to exercise discretion to carry out justice by allowing a taxpayer to amend a timely filed protest to correct an *inadvertent error* in communicating the specific grounds for the protest.

*Id.* at 330 (emphasis added).

The Allens' case is exactly what the *MC Holdings* opinion said that case was not. The Allens "missed a filing deadline" and "filed a late protest." They never prepared a petition to challenge their 2012 valuation. They only appealed the 2011 valuation (a year too late). Today's decision does not involve an "inadvertent" clerical error that misdirected an otherwise timely appeal.

Because the Allens missed the filing deadline, the Board was entitled to deny their impromptu request at the hearing to challenge the 2012 assessment for the first time. The district court correctly recognized the Board's power to deny relief:

> The [Allens] note that other counties may be more lenient in their approach to assisting landowners who protest their assessments. While this is likely true, there is no statutory requirement for county officials to grant such leniency. Legally, a landowner bears the full responsibility for making sure that all statutory requirements are followed in pursuing a protest of a property assessment. Although it may be more politically wise for a county official to be "user friendly" and assist citizens in correcting defects in documents filed with the county, it is not legally mandatory. If a county office decides to be more proactive in helping a citizen avoid mistakes when documents are filed, it does so as a matter of discretionary policy and not as a matter of binding legal precedent.

The majority has essentially expanded *MC Holdings* to allow taxpayers to orally amend their untimely petitions at the hearing to challenge a different year's assessed value. The Board is entitled to know before the hearing what year's assessed value is being challenged, so it is prepared to respond. In my view, the Board lacked jurisdiction to allow

an oral amendment to an untimely petition. *See MC Holdings*, 830 N.W.2d at 332 (Waterman, J., dissenting). But, even under the majority's holding, the Board had discretion to deny the amendment. The Board has made abundantly clear that it did not want to permit the amendment. It has good reasons for declining to permit taxpayers to change the year of their protest at the hearing. It seems to me to be a pointless exercise to remand this case to direct the Board to exercise its discretion and reach the same result.

Today's majority creates an expansively lenient standard for tax appeals, brushing aside the practical problems such a standard creates. I would enforce the statutory requirements as written. There is nothing unfair about requiring tax protesters to timely file their challenge to a property tax assessment the proper year.

Mansfield and Zager, JJ., join this dissent.