# IN THE COURT OF APPEALS OF IOWA

No. 14-1135
Filed February 10, 2016

**WARREN COUNTY BOARD OF REVIEW,**
        Plaintiff-Appellant,

**vs.**

**PROPERTY ASSESSMENT APPEAL BOARD**
**and UNITED PROPERTIES INVESTMENT, LC,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Warren County, Richard B. Clogg,

Judge.

        A county board of review appeals the district court's affirmance of the

appeal board's decision requiring reclassification of four parcels.  **AFFIRMED.**

        Brett Ryan of Watson & Ryan, P.L.C., Council Bluffs, for appellant.

        Jessica Braunschweig-Norris and Brad O. Hopkins of Iowa Property

Assessment Appeal Board, Des Moines, for appellee Property Assessment

Appeal Board.

        Jess Vilsack of Nyemaster Goode, P.C., Des Moines, for appellee United

Properties Investment LC.

        Heard by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

The Warren County Board of Review ("Board") affirmed the county's reclassification of certain lots from residential to commercial properties, a decision which significantly increased the owner's property tax liability. The state-wide Property Assessment Appeal Board ("PAAB") reversed the decision and returned the properties to a residential classification.

The Board asserts (A) it lacked notice of the owner's true claim, (B) PAAB failed to comply with due process, and (C) PAAB's decision was arbitrary, capricious, and unsupported by substantial evidence.

## I.    *Background Facts and Proceedings*

United Properties Investment Company acquired five parcels of land in Norwalk, Iowa. United Properties tore down the homes on four of these parcels. In response, Warren County reclassified the four vacant lots as "commercial" rather than "residential" and increased the assessed value of the land from $0.92 per foot to $3.50 per foot.

United Properties petitioned the Warren County Board of Review for relief, arguing the property was over-assessed. The Board denied relief, reasoning United Properties "failed to prove the allegations in their claim." United Properties appealed the decisions to PAAB, making the following assertions: "Vacant Parcel-nothing has changed. Assessment nearly quadrupled. Leave assessment at previous assessment."

In its ruling, PAAB acknowledged that United Properties' claim was "not perfectly articulated," but characterized its "overarching claim" as a

misclassification of the properties. As noted, PAAB reversed the Board's decision after concluding the properties were misclassified.

The Board sought judicial review of the agency decision. *See* Iowa Code § 421.1(5)(c) (2013). The district court affirmed PAAB's decision and this appeal followed.

## II. Analysis

### A. Notice

The Board asserts it lacked notice of the classification issue because "[n]one of the written protests filed at any level by United [Properties] raised the issue of the classification of the property in writing" and, at the time of PAAB's decision, PAAB had no authority to permit an amendment adding the classification issue. *See* Iowa Code § 441.37A (stating "[n]o new grounds in addition to those set out in the protest to the local board of review as provided in section 441.37 can be pleaded but additional evidence to sustain those grounds may be introduced."); *Allen v. Dallas Cty. Bd. of Review*, 843 N.W.2d 89, 96-98 (Iowa 2014) (recently concluding a board of review "had the authority to entertain a request for amendment of the . . . petition and relate it back to the original filing.").

We agree United Properties' notices of appeal to the Board and to PAAB did not explicitly challenge the reclassification of the properties from residential to commercial. But the notices to PAAB stated "nothing ha[d] changed" and asserted the assessments should remain at the previous levels. In addition, at every stage of the litigation, United Properties' representative unequivocally expressed a desire to have Warren County revert to its original, "residential"

classification of the property. There is no question the Board had notice of the nature of United Properties' claim before PAAB. *See Griffin Pipe Prods. Co., Ind. v. Bd. of Review of Cty. of Pottawattamie*, 789 N.W.2d 769, 772 (Iowa 2010) (stating "the challenge filed by Griffin Pipe was adequate to put the board on notice of the nature of the protest").

Because the Board had actual notice of United Properties' intent to challenge the change in classification, we need not address the Board's contention that, at the time of this appeal, PAAB had no authority to amend the appeal notice to add a challenge based on the county's classification of the property.

### B.    Due Process

The Board asserts PAAB's consideration of the classification issue, purportedly without notice, amounted to a violation of due process. Our conclusion that the Board had actual notice of United Properties' intent to pursue the classification issue disposes of this contention. Accordingly, we find it unnecessary to address the merits of the due process argument or PAAB's responsive arguments.

### C.    Arbitrary, Capricious, Unsupported by Substantial Evidence

The Board next argues PAAB's decision was arbitrary and capricious and unsupported by substantial evidence. *See* Iowa Code § 17A.19(10)(f), (n). The Board's argument is premised on PAAB's consideration of the classification issue and the claimed absence of evidence on this issue. Suffice it to say the record includes evidence of the county's reclassification, its reasons for the reclassification, and United Properties' objections to the reclassification. PAAB

provided a detailed summary of this evidence and its rationale for rejecting the board's decision. PAAB's decision is supported by substantial evidence of record and is not arbitrary or capricious.

We affirm the district court's affirmance of PAAB's decision requiring reclassification of United Properties' four parcels to "residential."

**AFFIRMED.**